UNITED STATES DISTRICT COURT      **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-275-DMG (Ex) | Date | February 19, 2021 |
|---|---|---|---|

| Title | ***Roger Flores v. Element Materials Technology Huntington Beach LLC*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable      DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

|  KANE TIEN  |  NOT REPORTED  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [16]**

On December 28, 2018, Plaintiff Roger Flores filed the first iteration of this action in Los Angeles County Superior Court against Defendant Element Materials Technology Huntington Beach LLC ("Element HB"), alleging the following state law causes of action:  (1) failure to provide meal periods; (2) failure to permit rest breaks; (3) failure to provide accurate wage statements; (4) failure to pay all wages due upon separation of employment; and (5) violation of California Business and Professions Code section 17200 *et seq*.  *See* CV 19-932-DMG (Ex) [Doc. # 13-2].  Element HB removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  CV 19-932-DMG (Ex) [Doc. # 13].  The Court granted Flores' motion to remand and remanded the action back to Los Angeles County Superior Court. CV 19-932-DMG (Ex) [Doc. # 23].

On December 8, 2020, Flores filed a Second Amended Complaint ("SAC"), maintaining the Complaint's causes of action and adding another cause of action for failure to pay wages. *See* Not. of Removal, Ex. C (SAC) [Doc # 1-3].  On January 12, 2021, Element HB removed the action to this Court, again asserting CAFA jurisdiction.  Not. of Removal [Doc. # 1-1].

On January 22, 2021, Flores filed the instant motion to remand ("MTR").  [Doc # 16.] The motion has since been fully briefed.  [Doc. ## 19, 20.]  Having duly considered the parties' written submissions, the Court **GRANTS** Flores' MTR and **REMANDS** this matter to Los Angeles County Superior Court for lack of subject matter jurisdiction.

# I.
# DISCUSSION

CAFA affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-275-DMG (Ex)** | Date | February 19, 2021 |
|---|---|---|---|

| Title | ***Roger Flores v. Element Materials Technology Huntington Beach LLC*** | Page | 2 of 3 |
|---|---|---|---|

aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Pursuant to 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Generally, in cases where defendants remove class actions to federal court and plaintiffs move to remand the case to state court, defendants bear the burden of establishing these elements by a preponderance of the evidence. *Id.*

CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2). Under CAFA, a limited liability company is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C § 1332(d)(10); *see Davis v. HSBC Bank Nev.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (noting that CAFA dissolved the traditional rule that an unincorporated association shares the citizenship of its members for the purpose of diversity). The United States Supreme Court has adopted the "nerve center test" to determine an entity's principal place of business for diversity purposes of jurisdiction. *See Hertz Corp. v. Friend* 559 U.S. 77 (2010). Under the nerve test, an entity's principal place of business is where that entity's "high-level officers direct, control, and coordinate the corporation's activities"—normally, an entity's headquarters, so long as that headquarters is not simply an office for holding board meetings. *Id.* at 93.

Despite the reference to Huntington Beach, California, in its name, Element HB asserts that it is a citizen of North Carolina, the state under whose laws it is organized, and also a citizen of Florida, where its Executive Vice President Americas,[1] Henrick Sluiters is located. Not. of Removal at ¶¶ 25-32. Sluiters attests that as the Executive Vice President Americas, he is responsible for Element HB's management and "oversee[s], control[s], and ha[s] final say over all of Element HB's executive decisions, including operational, administrative and policy-making decisions." Sluiters Decl. at ¶ 5 [Doc. # 2]. Sluiters attests that he makes those decisions from "wherever [he is] working," although his office is in Jupiter, Florida, and he spends no more than ten percent of his time in Element HB's California facilities. *Id.* at ¶ 6. In its Opposition, Element HB also argues that its Vice President of Human Resources, Jeff Joyce, is also located in Florida. Opp. at 10. The General Counsel of the companies that own Element HB attests that Joyce makes final decisions on human resources and employment matters from an office in Florida. Abbs Decl. ¶¶ 2, 3 [Doc. # 19-3].

---

[1] Although Element's Notice of Removal and Opposition refer to Sluiters as the Executive Vice President "Aerospace," Sluiters describes himself as the Executive Vice President "Americas." *Compare* Not. of Removal at ¶ 29 *and* Opp. at 9 *with* Sluiters Decl. at ¶ 1 [Doc. # 2].

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-275-DMG (Ex)** | | Date | February 19, 2021 |
|---|---|---|---|---|

| Title | ***Roger Flores v. Element Materials Technology Huntington Beach LLC*** | Page | 3 of 3 |
|---|---|---|---|

    Element HB has not met its burden to establish that its principal place of business is in Florida. The declarations of one executive vice president claiming that he frequently travels and only sometimes makes managerial decisions from Florida and one human resources manager located in some undisclosed city in Florida fail to establish that Element HB's "nerve center" is at a specific location in Florida. *See Hertz Corp.*, 559 U.S. 77 (2010). Sluiter's references to "*my* office in Jupiter, Florida" and to conducting video and telephone conferences with other Element HB senior management supports the inference that other senior management do not work in Jupiter, Florida. *See* Sluiter Decl. at ¶¶ 7-8 (emphasis added). In fact, the exhibit attached to his declaration of the North Carolina Secretary of State's Business Registration website shows that its mailing address and principal office address are at 15062 Bolsa Chica, Huntington Beach, CA, and that four officials named as managers of Element HB—including Sluiter—also list their addresses as 15062 Bolsa Chica, Huntington Beach, CA. *Id.*, Ex. 1. That address also appears on Element HB's website, each of its 28 approvals and accreditations, the wage statements issued to its employees, and its filings with the California and North Carolina Secretaries of State. Bekam Decl. at ¶¶ 4-7, Ex. B-E [Doc. # 16-1].

    Because Element HB has not borne its burden to show that diversity of citizenship exists between it and Flores, a California citizen, it has not established CAFA jurisdiction. The Court therefore need not address the timeliness of removal or the amount in controversy to conclude it lacks jurisdiction under CAFA.

**II.**
**CONCLUSION**

    In light of the foregoing, the Court **GRANTS** Flores' MTR and **REMANDS** this case to Los Angeles County Superior Court for lack of jurisdiction. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED**.